306 So.2d 484 (1975)
THE FLORIDA BAR, Complainant,
v.
Frank W. PETERMAN, Respondent.
No. 46273.
Supreme Court of Florida.
January 8, 1975.
Norman A. Faulkner, Tallahassee, and Kenneth E. Easley, Clearwater, for The Florida Bar, complainant.
Frank W. Peterman, in pro. per.
PER CURIAM.
This disciplinary proceeding by The Florida Bar against Frank W. Peterman is presently before us on complaint of The Florida Bar and Report of the Referee. Pursuant to Rule 11.06(9)(b) of the Integration Rule of The Florida Bar, the Referee's Report and record of the proceedings were duly filed with this Court. No petition for review pursuant to Rule 11.09, Integration Rule, has been filed.
The Florida Bar filed a complaint against Respondent in June, 1974, charging that Respondent has completely failed to carry out a contract of employment, neglected a legal matter entrusted to him and attempted to handle a legal matter without adequate preparation resulting in prejudice to and damage to his clients and has, therefore, violated Disciplinary Rules 6-101(A)(2) and (A)(3) and 7-101(A)(2) and (A)(3) of the Code of Professional Responsibility; that Respondent withdrew from employment without promptly refunding the unearned portion of his fee as ordered by a court in violation of Disciplinary Rule 2-110(A)(3), Code of Professional Responsibility; and that Respondent has refused to keep his clients informed as to the progress of their cases, has refused to answer their telephone calls, has misled his clients, all in violation of Rule 11.02(3)(a) of The Integration Rule of The Florida Bar and Disciplinary Rule 1-102(A)(4) of the Code of Professional Responsibility.
Hearing was held on August 20, 1974, before the Referee, who, after considering all of the pleadings, exhibits and evidence, found as follows:
"1. Respondent, in September of 1971 did receive a fee of $2,650.00 from Mrs. Ollie R. Morris to handle several matters of which the primary one was to get bail for and prosecute an appeal on behalf of her grandson.
"2. That on January 18, 1972, the Respondent and Mrs. Morris agreed to the *485 termination of his services and that the Respondent would return $1,700.00 to her and he executed a promissory note to accomplish that objective. The Respondent subsequently paid a total of $400.00 on the promissory note.
"3. Mrs. Morris brought a suit upon the note and obtained a Judgment for $1,300.00 plus costs and accounting for the remaining $950.00 or the original fee. The Respondent never answered any of the pleadings in the action nor repaid the money nor complied with the Court's order for an accounting and the Court entered a Judgment on the note and for the $950.00 fee that was paid over and above the money agreed to be returned. No payments have been made on said Judgment, although the Judgment for $950.00 is of questionable validity. The Respondent was retained by Mary Patterson on August 23, 1973, to represent her son in connection with a murder charge that was pending against him and paid the Respondent $1,500.00.
"4. On numerous occasions after the Judgment, Mrs. Morris attempted to contact Respondent without success, as he refused to return her telephone calls.
"5. It appears that some four months after retaining Respondent, Mrs. Morris agreed with Respondent that no further action be taken on the appeal for Clarence Morris.
"6. Mrs. Morris agreed at the disciplinary hearing that the $950.00 fee retained by Respondent was acceptable.
"7. Respondent was remiss in his handling of the Clarence Morris appeal by not keeping his client, Mrs. Morris, and Clarence Morris properly advised of the status of the case, and perhaps unintentionally misled his clients in this matter.
"8. Subsequently, the Respondent never returned or answered Mrs. Patterson's numerous telephone calls or letters relating to the status of the case against her son or any evidence of an adjudication of those charges.
"9. Respondent refused to answer the telephone calls and inquiries of Mrs. Patterson.
"10. It appears that Respondent did perform legal services for Mrs. Patterson and at this time, she does not offer any objections to the fee or costs charged her.
"11. The Respondent was retained by Emory Rogers on November 1, 1973, in connection with a charge of auto theft.
"12. The Respondent neglected Mr. Rogers' case and took little action on his behalf and missed at least three hearings before Judge David Seth Walker.
"13. Judge Walker held the Respondent in contempt of court, dismissed him from the case and ordered him to repay the fee by March 15, 1974, or spend twenty (20) days in jail. On March 19, 1974, the Respondent did repay Mr. Rogers.
"14. The Respondent failed and refused to return many of the numerous telephone calls by Mr. Rogers or in his behalf.
"15. The Bar introduced into evidence a letter from Max A. Blawat alleging that the Respondent had failed to keep Mr. Blawat informed as to the status of his case and that he refused to answer Mr. Blawat's numerous telephone calls and other requests for information. Mr. Blawat was not available for trial and the Respondent did not recall the details as to the complaint.
"16. Respondent has failed to pay any sums toward the Final Judgment obtained by him by Mrs. Morris as of the date of this final hearing.
"17. The Respondent (Rogers) has failed to carry out a contract of appointment and neglected legal matters entrusted to him (Rogers and Blawat).
"18. The Respondent has withdrawn from employment without promptly refunding *486 the unearned portion of his fee (Morris) (as ordered by a court).
"19. The Respondent has refused to keep clients informed as to the progress of their cases, has refused to answer or return their telephone calls and has misled his clients (all complaints).
"20. The Respondent has shown a lack of interest in the charges made against him and his professional responsibilities as an attorney. In the Rogers case, he offered no explanations of his contemptuous attitude toward the Court."
The Referee recommends that respondent be found guilty as charged in the complaint and specifically that he be found guilty of violations of his oath as an attorney as of Disciplinary Rules 6-101(A)(3), 7-101(A)(2) and (A)(3) and 1-102(A)(4), (A)(5), (A)(6) of the Code of Professional Responsibility.
Relative to the disciplinary measure to be applied, having considered Respondent's personal history and past disciplinary measures, the Referee recommends that Respondent be suspended from the practice of law for a period of three years and thereafter until acceptable proof of rehabilitation is presented to The Florida Bar and that respondent be required to pay the costs of these proceedings.
The findings and recommendations of the Referee are approved, and Respondent is hereby suspended from the practice of law in Florida for a period of three years and thereafter until acceptable proof of rehabilitation is submitted to The Florida Bar and this Court.
Execution is hereby directed to issue for the costs of this proceeding against Respondent in the amount of $609.19.
It is so ordered.
ADKINS, C.J., and ROBERTS, ERVIN, McCAIN and OVERTON, JJ., concur.